## Commonwealth *v.* St. Clair Coal Co., Appellant.

Argued July 2, 1915. Appeal, No. 21, May T., 1915, by defendant, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1914, No. 104, for plaintiff on appeal from tax settlement of an account by the Auditor General and State Treasurer, in case of Commonwealth of Pennsylvania v. St. Clair Coal Company. Before BROWN, C. J., MESTREZAT, POTTER, ELKIN, STEWART, MOSCHZISKER and FRAZER, JJ. Reversed.

Appeal from tax settlement· by the Auditor General and State Treasurer. Before KUNKEL, P. J.

The facts appear in Commonwealth v. Alden Coal Company, 251 Pa. 134.

The court entered judgment for the Commonwealth for the amount of its claim. Defendant appealed.

*Error assigned,* among others, was the judgment of the court.

*F. W. Wheaton* and *John G. Johnson,* with them *Everett Warren, F. W. Fleitz* and *J. H. Torrey,* for appellant.

*William M. Hargest,* Deputy Attorney General, and *Francis Shunk Brown,* Attorney General, for appellee.

OPINION BY MR. JUSTICE STEWART, October 28, 1915:

This case was argued in connection with appeal to No. 20 of same term, in which the Alden Coal Company was appellant, and in which the opinion has just been handed down. The two cases present the same governing facts, and give rise to the same questions of law. In the present case the appeal was to the Common Pleas Court of Dauphin County from a settlement made by the auditor general and State treasurer under the Act of June 27,

1913, P. L. 639, charging the appellant company with tax amounting to $7,769.81, being two and one-half per centum on coal prepared for market by appellant company between 28th June, 1913, and 31st December, 1913, of the value of $310,792.75. The contention made by appellant in the court below was that the Act of June 27, 1913, under the provisions of which the tax was assessed was unconstitutional and void. The court ruled otherwise and judgment was accordingly rendered against appellant for the tax assessed. The appeal to this court was a renewal of the contention made in the court below. The merits of the contention are fully discussed in the opinion handed down in the case of Commonwealth v. The Alden· Coal Company above referred to. A like conclusion must be reached here. For the reasons there stated the judgment in this case is reversed, and judgment is now entered in favor of the appellant.